## Case No. 17,025.

### The VOYAGEUR DE LA MER.

[1 Spr. 372; [1] 20 Law Rep. 331.]

District Court, D Massachusetts. Aug., 1857.

ADMIRALTY PRACTICE — PRODUCTION OF PAPERS.

1. Production of papers in admiralty.

2. Where a paper has been intrusted to the libellant for the benefit of both parties, the court, on motion of the respondent, will order its production before answer. its inspection being material, as where there is a bipartite agreement. and one part only is reduced to writing, and left in the hands of the libellant.

3. But where there was a contract, partly by parol and partly by letters, and one of the letters addressed to the libellant was in his possession. the court refused a motion by the respondent, for the production of the letter before answer.

This was a suit in rem, on a contract. The libel did not set forth or allude to any writing, as containing the contract. The claimants of the vessel, before filing their answer to the libel, moved that the libellants be ordered to produce. for their inspection, a certain letter written by the claimants' agent to the libellants. This motion was in writing. and accompanied by an affidavit. setting forth that the contract on which the libellants rely was never reduced to writing, in a separate instrument. but was to be ascertained, among other sources. by a correspondence between the libellants and the agent of the claimants; that one letter of this correspondence was essential to the full understanding of the contract. and that this letter was in the libellants' custody; that the claimants. had no copy of it. and no means of ascertaining its contents; and that they could not fully and truly answer the allegations of the libel, without an inspection of the letter. The motion was resisted.

J. W. Hubbard and C. Houghton, for libellants.

R. H. Dana, Jr., for claimants.

SPRAGUE, District Judge. The researches of the counsel have found no precedent or decision in an admiralty court in this country, or in England. directly upon this point. It seems to be a novel motion in the admiralty. We must look at the analogous cases, in courts that proceed according to the course of the civil law, and to common law courts, especially the former, for light as to the principles upon which the decision should rest.

It is familiar practice in admiralty. for either party, after issue joined, to interrogate the other, for the purpose of obtaining evidence to be used by the interrogant. In equity, the same relief is obtained by interrogatories on the plaintiff's part, and by a bill of discovery on the part of the defendant. But this is a motion not to obtain evidence after issue, but for documents alleged to be necessary to enable the parties to make up an issue.

It is settled, as a general rule, that a party is not entitled to the production of an instrument before issue joined, where the instrument is not referred to, or counted upon, in the plaintiff's pleading. But it is contended that there are circumstances under which the courts exercise the power, and where justice requires its exercise. After examining the authorities referred to on each side, I have arrived at the conclusion that there is but one class of cases in which the courts ordinarily exercise this power; and that is, where the plaintiff is under an obligation to hold the instrument for the use of both parties. For instance, partnership articles or books of account, in a suit between partners, or where but one part of a bipartite agreement has been executed, and has been left with one of the parties; in short. where an instrument may be said to be left or held in trust. In such case. if it is the contract in litigation, it should be produced for inspection, whether declared on by the plaintiff in terms or not. As an authority for a more extended exercise of this power, I am referred to Princess of Wales v. Earl of Liverpool, 3 Swanst. 567, decided by Lord Eldon. This authority, though followed by the vice chancellor in one case,—Jones v. Lewis, 2 Sim. & S. 242,—has since been called in question, and held by Vice Chancellor Leach to be authority only on its exact facts. The defendant there asked for inspection of a note of hand. making affidavit that he believed it not to be genuine. and that an inspection would aid him in determining upon the nature of his answer. In New York, the courts of common law have passed orders for inspection, in favor of parties before pleadings closed. upon the authority of Princess of Wales v. Earl of Liverpool; and have extended the principle to cases, where by alleged accident, fraud, or mistake, one party has a document, which the applicant shows to be important to enable him to make his plea; but I think they have not kept within the reason or authority of the previously adjudged cases.

It is argued that this letter, being a part of the correspondence which constitutes the written contract. is the property of both parties, and is as much a trust for both parties, as if it were a formal written contract. I should perhaps sustain the motion, if it were made to appear that the whole contract was in writing. and this letter contained a portion of it, and that the residue of the writings containing the contract could be produced. But, in this case, it does not appear that the whole contract is in writing. On the contrary, it is said to be partly in writing. The nature of the contract may be left to be proved partly by parol. and even by circumstantial evidence. In such a case. I think there is no authority for requiring the production of this paper. It would be giving the defendants an advantage. They would

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

learn the extent of the knowledge or ignorance of the other side, as to the proofs of the contract; and, without first answering as to their best knowledge and belief, could frame their answers to meet the disclosures on one particular point. In case of a writing forming only a part of a contract, the court must have discretion, as to requiring the production of a paper or letter; and in the present case. I do not think I ought to grant the motion as it now stands. It presents the case of a contract declared on generally, to be proved partly by a correspondence and partly by parol, perhaps inferentially from circumstantial evidence, and open to counter proof, and a portion only of the correspondence called for. Motion denied.